**Clifton Earl CLARK, Petitioner,**

v.

**Raymond PROCUNIER, et al., Respondents.**

Civ. A. No. H–83–6540.

United States District Court, S.D. Texas, Houston Division.

March 5, 1985.

**164**

Clifton Earl Clark, pro se.

Jim Mattox, Atty. Gen. of Texas, Austin, Tex., for respondents.

## ORDER

McDONALD, District Judge.

Came on to be heard the Motion to Dismiss of Respondent Raymond Procunier. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be GRANTED.

### I. Background

Petitioner Clifton Earl Clark brings the instant Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Application challenges Clark's March 26, 1980 conviction for aggravated robbery in the 184th District Court of Harris County, Texas in Cause No. 307,851. As a result of that conviction, enhanced by prior felony convictions, Petitioner is currently serving a life sentence in the Texas Department of Corrections (Retrieve Unit). Petitioner did not directly appeal his conviction, but his State Petitions for Writ of Habeas Corpus were denied by the Texas courts.

### II. Discussion

The Application at bar raises two grounds on which habeas corpus relief can be granted. First, Petitioner alleges that the evidence in support of his conviction was insufficient as a matter of law. In addition, he claims that the jury charge in his March, 1980 trial was erroneous.

A. Insufficient evidence—Respondent claims initially that Petitioner's failure to appeal the conviction on the grounds of insufficient evidence of aggravated robbery waived the arguments advanced in the instant Application. Respondent claims that the failure to appeal precluded the state courts from reviewing the insufficient evidence on state petition for habeas cor-

pus, and that consequently review by way of federal habeas corpus is also barred. Respondent cites as authority for his contention *O'Bryan v. Estelle*, 714 F.2d 365 (5th Cir.1983) and *Preston v. Maggio*, 705 F.2d 113 (5th Cir.1983).

▮ It is undisputed that failure to appeal directly a claim that the evidence in a criminal proceeding was insufficient to support a conviction waives the claim for purposes of review by habeas corpus petition in Texas. *Ex parte Coleman*, 599 S.W.2d 305, 306–07 (Tex.Crim.App.1979) and cases cited *infra*. In other words, Petitioner's failure to present this argument to the Texas courts on appeal constitutes a procedural default on that point. *Ex Parte Easter*, 615 S.W.2d 719, 721 (Tex. Cr.App.1981) (*en banc*); *Ex Parte Dunn*, 571 S.W.2d 928, 929 (Tex.Cr.App.1978); *Ex Parte Dantzler*, 571 S.W.2d 536 (Tex.Cr. App.1978). Equally undisputed is that *O'Bryan* and *Preston* follow the rule enunciated in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Sykes*, the Supreme Court held that a state defendant procedurally defaults a claim by failing to comply with the state's contemporaneous objection rule, and that this procedural default "precludes consideration of the claim in a federal habeas corpus proceeding absent a showing of cause and prejudice." *Weaver v. McKaskle*, 733 F.2d 1103, 1104 (5th Cir.1984), *citing Sykes*, 433 U.S. at 87, 97 S.Ct. at 2506. However, in the case at bar, whether Petitioner failed to object contemporaneously is unknown. Thus, the question before the Court is whether a procedural default of failing to appeal a conviction directly also waives a ground for purposes of federal habeas review. Respondent does not brief this question. The Court has therefore undertaken the inquiry, and determined that it should be answered in the affirmative.

First, the Supreme Court recently applied the *Sykes* test to a claim that the district court had held was waived due to the petitioner's failure to except to constitutionally infirm jury instructions and then appeal the claim directly. *See Reed v.*

*Ross,* —— U.S. ——, 104 S.Ct. 2901, 2906, 82 L.Ed.2d 1 (1984) (*Sykes* test applied where petitioner failed to appeal on grounds that jury instruction unconstitutionally shifted burden of proof on defenses of self-defense and lack of malice). Thus *Sykes* need not be limited to contemporaneous objection rules. Admittedly, the *Reed* court did not have before it the question of the propriety of applying the *Sykes* test to failures to appeal as opposed to failures to object contemporaneously, which is the specific inquiry this Court must make. However, this Court has examined the record and the pertinent case law and concluded that to apply *Sykes* in a situation such as the one at bar is appropriate.

*Sykes,* as noted above, involved the contemporaneous objections. Sykes was tried for murder in a Florida court; part of the evidence leading to his conviction was a confession to which no objection was lodged at trial. Florida's law required that defendants challenge the voluntariness of confessions at trial or waive arguments of voluntariness in state appellate and habeas corpus proceedings. Sykes subsequently complained in a federal habeas petition that he had not understood his constitutional rights before confessing. Justice Rehnquist, writing for a plurality of the Court[1], concluded that

> Florida procedure did, consistently with the United States Constitution, require that respondents' confession be challenged at trial or not at all, and thus his failure to timely object to its admission amounted to an independent and adequate state procedural ground which would have prevented direct review here. *See Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). We thus come to the crux of this case. Shall the rule of *Francis v. Henderson,* [425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976)], *supra,* barring federal habeas review absent a showing "cause" and "prejudice" attendant to a state procedural waiver, be applied to a waived objection to the admission of a confession at trial? We answer that question in the affirmative.

*Id.,* 433 U.S. at 86–87, 97 S.Ct. at 2506 (footnote omitted). The plurality based its opinion on the "well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts," *id.* at 81, 97 S.Ct. at 2503 (citations omitted), and extended that ground in the case before it to encompass procedural defaults. Justice Rehnquist's opinion rejected dicta in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) which "may be thought to have laid down an all-inclusive rule rendering state contemporaneous-objection rules ineffective to bar review of underlying federal claims in federal habeas proceedings" except in limited cases. *Sykes,* 433 U.S. at 85, 97 S.Ct. at 2505. Purportedly, the reasons for that rejection were "several," *id.* at 88, 97 S.Ct. at 2507, but all related to the need for enforceable contemporaneous objection rules. *Id.* at 85–90, 97 S.Ct. at 2505–2508.

Turning to the case at bar, the Court considers that for two reasons *Sykes'* waiver applies to the instant situation. First, the reasons for respecting Texas' direct appeal rule resemble those the Supreme Court outlined in *Sykes.* For example, direct appeal, which is relatively immediate after a trial, provides for review of a sufficiency of the evidence claim, and makes the state criminal system the " 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing." *Id.* at 88, 90, 97 S.Ct. at 2507, 2508. *See also Engle v. Isaac,* 456 U.S. 107, 128, 131, 102 S.Ct. 1558, 1572, 1573, 71 L.Ed.2d 783 (1982), *citing Schneckloth v. Bustamonte,* 412 U.S. 218, 263–65, 93 S.Ct. 2041, 2066–67, 36 L.Ed.2d 854 (1973) (Powell, J. concurring) ("Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good faith attempts to honor constitutional

---

1. Chief Justice Burger and Justice Stevens each wrote separate concurrences. Justice White concurred in the judgment. Justices Brennan and Marshall dissented.

rights."). Moreover, the Supreme Court has painted its ruling in *Sykes* with a broad brush:

> These considerations supported our Sykes ruling that, *when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice.*

456 U.S. at 129, 102 S.Ct. at 1572 (emphasis added).

Accordingly, Petitioner Clark having procedurally defaulted on his sufficiency of the evidence claim in the state courts, the Court must examine the question for whether he has justified that default with a showing of cause for the default. Nothing in the record suggests such a cause, and thus the Court will not consider the claim.

Overall, Petitioner's procedural default on his claim regarding the sufficiency of the evidence precludes the Court from considering that claim.

■ B. Jury Charge—The Court can, though, reach the merits of Petitioner's argument regarding the charge to the jury. Petitioner claims that the charge authorized conviction on a theory not alleged in the indictment. Specifically, Clark contends that he was indicted for robbing one Edward Garza Rojas, but that the charge stated that Anthony Wade Sams actually robbed Rojas while Clark aided or attempted to aid Sams. The Court has examined the charge and determined that Petitioner's complaint is without merit, because the charge was legally correct.

> The charge in Clark's case stated that:
> Our law provides that person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The offense is aggravated robbery if the person committing robbery uses or exhibits a deadly weapon.

*Statement of Facts* ("*S.O.F.*"), p. 19.

> All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible, or both.
> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

*S.O.F.*, pp. 20–21. *See* Tex.Penal Code Ann. §§ 7.01, 7.02 (Vernon 1974).[2]

The charge also made clear that Clark knew of Anthony Sams' intent to rob Rojas and acted with that intent to promote or assist that robbery:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 29th day of December, 1979 in Harris county, Texas, ANTHONY WADE SAMS, while in the course of committing theft and with intent to obtain and maintain control of property of EDWARD GARZA ROJAS, to wit, money, without the effective consent of the said EDWARD GARZA ROJAS, the owner, and with intent to deprive the said EDWARD GARZA ROJAS of said property, did then and there, by using or exhibiting a deadly weapon, to wit, a firearm, intentionally or knowingly threaten or place EDWARD GARZA ROJAS in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the Defendant, CLIFTON EARL CLARK, knew of the intent of ANTHONY WADE SAMS, if any there was, to rob the said EDWARD GARZA ROJAS of his money, and he, CLIFTON EARL CLARK, acted with intent to promote or assist the commission of the offense by ANTHONY WADE

---

**2.** Petitioner does not allege that the charge on parties' culpability for the acts of others is legal- ly unsound.

SAMS by aiding or attempting to aid ANTHONY WADE SAMS to commit the robbery with a firearm, if any, then you will find the Defendant, CLIFTON EARL CLARK, guilty of aggravated robbery as charged in the indictment.

*S.O.F.,* p. 21.

Thus, the charge correctly allowed the jury to convict Petitioner for aggravated robbery. *Accord, Pitts v. Texas,* 569 S.W.2d 898 (Tex.Crim.App.1978). In *Pitts,* the defendant was charged with attempted capital murder. The charge allowed the jury to find Pitts guilty either if he fired the shot allegedly meant to cause the death of the intended victim or if defendant's companion fired the shot and defendant was merely a party to the offense. The indictment had simply charged Pitts with attempted capital murder, failing to mention the role of Pitts' companion. The defendant argued "that since the indictment failed to allege he was a party to the offense and criminally responsible for the conduct of another, the court erred in submitting the charge to the jury which allowed his conviction on that theory." *Id.* at 899. The Court of Criminal Appeals squarely rejected that argument:

> We hold [that] a party to an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment.

*Id.* at 900. Thus, in the case at bar, the charge given to the jury that convicted Petitioner does not authorize a conviction on a theory not alleged in the indictment.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.