**Clifton Earl CLARK, Petitioner-Appellant,**

v.

**STATE OF TEXAS and O.L. McCotter, Director, Texas Department of Corrections, Respondents-Appellees.**

No. 85–2232
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 30, 1986.

---

1. —— U.S. ——, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).

Clifton Earl Clark, Angleton, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., William C. Zapalac, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Petitioner Clifton Clark was convicted by a Texas jury of aggravated robbery in March, 1980, and was sentenced to life-imprisonment. He brought this federal habeas application, 28 U.S.C. § 2254, to challenge his conviction. He claimed that the evidence was insufficient to support his conviction and that a jury charge was constitutionally defective. The district court, 617 F.Supp. 163, denied the application, dismissing the insufficiency of the evidence claim on procedural grounds and finding no constitutional defect in the jury charge. As we are barred from considering Clark's claims by his procedural default, we affirm.

I

Clark did not directly appeal his conviction. He did, however, raise the issues of the insufficiency of the evidence and the impropriety of the jury charge in an application for state habeas relief. The state court denied the application because of Clark's failure to directly appeal these issues as required by Texas law and because of his abuse of the habeas writ.

The federal district court found that it was barred from considering the merits of Clark's insufficiency of the evidence claim by his procedural default in failing to directly appeal this issue. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982) ("when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause and actual prejudice"). The district court found nothing in the record suggesting a cause for Clark's failure to appeal and therefore did not address the merits of his claim. However, for undisclosed reasons the district court did address the merits of the jury charge claim and found the charge to be constitutional.

II

Under Texas law, both the questions of the sufficiency of the evidence and of the propriety of a jury charge may be raised on direct appeal but not in a habeas proceeding. *Ex Parte Coleman,* 599 S.W.2d 305, 306–07 (Tex.Cr.App.1979). Clark's failure to appeal these questions therefore constituted a procedural default under state law and was treated as such by the state habeas court.

The Supreme Court has held that the procedural default of a state defendant who fails to comply with the contemporaneous objection rule precludes federal habeas review of the claim absent a showing of cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). We have held that the *Sykes* standard applies to a prisoner's failure to appeal his conviction. *Sincox v. United States,* 571 F.2d 876, 879 (5th Cir. 1978); *see also Forman v. Smith,* 633 F.2d 634, 640 n. 8 (2d Cir.1980). The rationale of *Sykes* fully applies where the defendant fails to raise an issue on direct appeal as required by state law. *See Ford v. Strickland,* 696 F.2d 804, 816 (11th Cir.) (en banc), *cert. denied,* 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983) ("Applying *Sykes* in this setting accrues the dual ad-

vantage of discouraging defense attorneys from omitting arguments in preparing appeals with the intent of saving issues for federal habeas corpus consideration and encouraging state appellate courts to enforce procedural rules strictly, thereby reducing the possibility the federal court will decide the constitutional issue without the benefit of the state's views"). The same considerations justify applying *Sykes* where no appeal at all has been taken.

Since the record does not disclose any cause for Clark's failure to directly appeal either of the issues presented here, the district court was barred from considering either issue on the merits. The judgment of the district court dismissing Clark's habeas application is therefore

AFFIRMED.