

### III

Jesse Bautista, pro se.

James O. Kopp, Atty. Gen., Daniel Zemann, Jr., Daniel H. Wannamaker, Assts. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant Bautista appeals *pro se* the district court's denial, on the merits and following an evidentiary hearing, of his petition for habeas corpus under 28 U.S.C. § 2254 challenging his Texas murder conviction and consequent incarceration. The State of Texas, in response to appellant's appeal, asserts first that his petition should have been dismissed for failure to exhaust his state remedies, as required by section 2254(b), and, alternatively, that if Bautista has exhausted, that the district court correctly denied him relief on the merits. We agree with the State's first contention, and consequently do not reach the merits, but instead reverse with directions that the writ be dismissed for failure to exhaust.

In the court below, the State timely moved to dismiss for failure to exhaust on the ground that petitioner had failed to raise his claimed grounds for relief before the Texas Court of Criminal Appeals, the highest court in the State of Texas having criminal jurisdiction. The court below

**Jesse BAUTISTA, Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 85–2444
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 30, 1986.

found, in accordance with the State's allegations in this regard and the undisputed record, that petitioner's conviction was affirmed on direct appeal by the Texas Court of Appeals, *Bautista v. State*, 642 S.W.2d 233 (Tex.App.—Houston [14th Dist.] 1982), that a petition for discretionary review was filed by petitioner with the Texas Court of Criminal Appeals, but it was filed thirty-nine days after the decision of the Court of Appeals, and was hence not within the thirty days allowed by the Texas Code of Criminal Procedure (TCCP), article 44.45(b)(2), for which reason the Court of Criminal Appeals "refused" the petition with the notation "as untimely filed." Subsequently, as the district court found, petitioner wrote the Court of Criminal Appeals making inquiry concerning his conviction, but the Court of Criminal Appeals returned the letter with the notation: "This Court does not generally entertain original post-conviction habeas corpus matters. Any post-conviction application for habeas corpus must be filed with the trial court initially pursuant to the provisions of Article 11.07, V.A.C.C.P." It is undisputed that petitioner did not thereafter seek habeas relief in the state convicting court, and, other than as above-stated, at no time has petitioner sought any relief from his conviction in the Texas courts.

Under TCCP article 11.07, the state convicting trial court entertains the application for post-conviction habeas corpus and, generally speaking, determines whether there are material controverted facts, and if so makes findings concerning same, and in either event transmits its determination, any findings by it, and the record to the Court of Criminal Appeals, which then takes the final action thereon. *See Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App. 1967). As the court there said, "[T]he applicant should be required to first petition the judge of the court where he was convicted before his petition will be considered by the Court of Criminal Appeals . . . ." *Id.* at 829.

The district court, however, denied the State's motion to dismiss for lack of exhaustion, ruling that all petitioner's claims had been presented to and rejected by the Texas Court of Appeals (a matter we do not pass on), and that the failure to timely seek review in the Court of Criminal Appeals was not controlling since that court's review was discretionary. The district court so ruled before our decision in *Richardson v. Procunier*, 762 F.2d 429 (5th Cir.1985). In *Richardson*, we stated:

"We decide here that a Texas inmate seeking federal habeas relief has not exhausted his state remedies when, in directly appealing his state criminal conviction, he failed to petition the Texas Court of Criminal Appeals for review of his conviction, notwithstanding that petitions for review of convictions before that court are accepted only on a discretionary basis.

". . . .

". . . [W]e hold that a Texas inmate seeking federal habeas relief who, in directly appealing his state criminal conviction, has by-passed the Texas Court of Criminal Appeals will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court through collateral review provided by state habeas procedures." *Id.* at 429, 432 (footnote omitted).

We see no material distinction, for purposes of *Richardson*'s exhaustion requirement, between the failure to seek discretionary review in the Texas Court of Criminal Appeals and the failure to do so timely. Under *Richardson*, Bautista must pursue his state habeas procedures through the Texas Court of Criminal Appeals. His mentioned letter to that court does not constitute exhaustion of those procedures, because he has failed to follow the court's directive that his habeas petition first be filed in the convicting trial court.

Of course, if it were absolutely clear that under Texas law Bautista's failure to timely seek *discretionary* review in the Texas Court of Criminal Appeals would of itself bar state collateral relief respecting all his claims in the present action, then dismissal

for failure to exhaust might be inappropriate, and in such event consideration would initially have to be given to whether dismissal is appropriate under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See Clark v. State of Texas*, 788 F.2d 309 (5th Cir.1986) (failure, without cause, to take any direct appeal bars relief on complaints of evidential sufficiency and jury charge under *Sykes*, where state court had denied habeas relief on state law ground that such issues may be raised on direct appeal but not in a habeas proceeding).

This case differs from *Clark*, however, in that the petitioner there failed to take *any* appeal, but *did* pursue his state habeas remedies, *and* the state habeas court denied relief on the grounds of procedural bar by reason of the failure to appeal.[1] Bautista, by contrast, took his appeal as of right, but has pursued neither a timely discretionary appeal nor state habeas. Here, we have no final state ruling that Bautista is procedurally barred from state habeas relief by reason of his failure to timely seek discretionary direct appellate review in the Texas Court of Criminal Appeals. Under *Richardson*, we do not presume for exhaustion purposes that state collateral relief is procedurally barred in such circumstances or will otherwise be unavailing, unless and until such relief is fully pursued and denied by the Court of Criminal Appeals under circumstances such that the ruling finally disposes of the claims in the state courts, either as procedurally barred or on the merits.[2]

Accordingly, we hold that the district court erred in overruling the State's motion to dismiss for failure to exhaust. The district court's judgment dismissing the case on the merits is therefore reversed,[3] and the cause is remanded with directions that the writ be dismissed for failure to exhaust.

REVERSED and REMANDED with directions to dismiss for failure to exhaust.

---

1. The Texas conviction in *Clark* came before the Texas intermediate appellate courts were given criminal jurisdiction when the only direct appeal was an appeal as of right to the Texas Court of Criminal Appeals.

2. The State of Texas has not taken the position, in this Court or below, that Bautista's failure to timely seek discretionary review in the Texas Court of Criminal Appeals, following his direct appeal to the Texas Court of Appeals, necessarily procedurally bars him from securing state habeas relief on all his claims; nor did the district court below so rule; we are not aware of any Texas authority clearly establishing that all of the claims made by Bautista in his present federal habeas would be foreclosed from consideration on state habeas under TCCP article 11.07 merely because of the fact that he failed to timely seek discretionary direct review in the Texas Court of Criminal Appeals. If Bautista subsequently exhausts his state remedies and does not procure relief, and if it appears that relief on any claim was denied on the basis of procedural bar by reason of failure to timely take a discretionary appeal (or for other reason of procedural bar), then (at least assuming Bautista adequately presented the state courts with his reasons why such a bar should not apply) on subsequent federal habeas the federal claim would initially be evaluated under *Sykes*. *See Clark, supra.*

3. We do not reach the merits, and do not hold or intimate that the district court's resolution of the merits, had it been proper to reach them, was erroneous; we hold only that the merits should not have been reached because the State's motion to dismiss for failure to exhaust should have been sustained.