Vetter G. **MOORE, Plaintiff,**

v.

**COMMONWEALTH[1] OF MASSACHUSETTS, et al., Defendant.**

**Civ. A. No. 87–0942–Y.**

United States District Court, D. Massachusetts.

July 8, 1987.

---

1. Moore actually denominates his claims as pending against the "State" of Massachusetts.

**58**

Vetter G. Moore, pro se.

---

MEMORANDUM AND ORDER

YOUNG, District Judge.

This matter is before the Court on the petitioner's petition for the writ of habeas corpus and a sundry list of alleged torts including libel, slander, and medical malpractice. This Court addresses his petition as one seeking the relief of the Great Writ.[2] The petitioner, Vetter G. Moore ("Moore"), is currently incarcerated at the Massachusetts Correctional Institution in Concord, Massachusetts, apparently due to a violation of the conditions of his parole.

### I.

Moore is a familiar figure to the courts of this district. His previous petitions for the relief requested herein total at least six in number, all of which have been denied. Case Nos. 76–706–M, 80–1295–G, 83–2802–K, 83–2926–G, and 85–3202–G were all dismissed for failure to exhaust state remedies. Case No. 85–1960–S was dismissed pursuant to 28 U.S.C. § 1915(d) as frivolous. A detailed account of Moore's alleged deprivations, which do not seem to have changed in the intervening years save new allegations of "judicial abuse" by the judges of this district court, is set forth by Judge Murray in his memorandum of November 14, 1978 in Case No. 76–706 (referring to Memorandum, Finding, and Recommendation of United States Magistrate Princi dated September 13, 1977). His allegations include that there was no indictment at his arrest, the charges were false, there was no evidence against him, the parole board has engaged in a conspiracy against him, and numerous judicial officers have abused their positions by not granting his release. After conducting a hearing at

---

As nothing turns on the matter, the Court has corrected the caption.

**2.** As best this Court can comprehend from Moore's essentially incomprehensible filings, he also seeks recovery in the amount of $3,350,-000.00 for a judgment allegedly past due in a matter decided by the United States Court of Claims. Moore states that "[t]he abuse of the US Judges beforementioned has created multiple quash in rem suits an a final judgment against the United States at the US Court of Claims No 78–401 Moore v. US America. Plaintiff won 3 million 3500000 because of the deprivation an abuse of judicial misconduct an misffesance." (unedited). As a matter of fact, Moore lost his claim before the Court of Claims on the grounds that he failed to state a claim. *Moore v. United States*, 618 F.2d 119, 219 Ct.Cl. 585 (1979) (slip op. dated October 26, 1979 available on Lexis).

Although there is considerable confusion in the documents thus far filed—for example, in

his original petition Moore does not name the custodian of MCI Concord as the respondent—this Court has no doubt that this matter is intended to be in the form of a petition for the Great Writ. *See West v. Louisiana,* 478 F.2d 1026, 1029 (5th Cir.1973) (failure to name proper respondent procedural rather than jurisdictional defect and it may be corrected by amendment), *modified on other grounds,* 510 F.2d 363 (5th Cir.1975). Although Moore made no effort to formally amend his petition, his subsequent filings do name the "Commissioner of MCI Correction of Massachusetts" and this Court liberally treats this as sufficient, as requiring any more would only be an idle formality at this stage. Therefore, the Court treats the petition as one for habeas relief with its attendant requirements and principles. *See generally Preiser v. Rodriguez,* 411 U.S. 475, 499 n. 14, 93 S.Ct. 1827, 1841 n. 14, 36 L.Ed.2d 439 (1973).

which Moore was present, Magistrate Princi concluded that Moore's petition did not state a claim and that it was

> replete with unfounded accusations; there is no factual basis for any of his contentions.... [It is necessary] [t]hat some action be taken by this court ordering the defendant to file no further petitions without specific authorization. He is inundating the court with paper and has refused to have counsel; his petitions and his claims are totally and continually repetitious. The court has gone far beyond any requirement or rule in assisting and helping the petitioner present his claim, and he has, notwithstanding the admonitions made by the court to him that he be more specific and less repetitious, failed to comply with the court's request.[3]

*Moore v. Meachum, et al.,* No. 76–706–M (D.Mass. Sept. 13, 1977) (Magistrate memorandum, finding, and recommendation). Judge Murray dismissed the action for failure to satisfy the exhaustion requirements of 28 U.S.C. § 2254(b). In passing over the merits of the claim he nonetheless noted that "the several petitions are deficient in the statement of circumstances, occurrences and events in support of petitioner's claim." *Moore v. Meachum, et al.,* No. 76–706–M, slip op. at 7 (D.Mass. Nov. 14, 1978).

Moore continues, it appears, to fail to allege any exhaustion of his state remedies.

Specifically, he has never sought any post-conviction relief in the Massachusetts courts, nor has he appealed Mr. Justice Quirico's dismissal of his petition. *Moore v. Commonwealth of Massachusetts,* No. J–74–44, slip op. (Mass. July 27, 1976) (Single Justice Order) (Judgment entered on Oct. 21, 1976). At that time, Mr. Justice Quirico, who exhibited great patience in sifting through 263 pages of filed documents, made it explicit that Moore was not to file any new documents except those necessary to perfect an appeal from the judgment of the single justice. Moore chose not to appeal.

A recent order by another Single Justice of the Massachusetts Supreme Judicial Court for the County of Suffolk adds a new layer of complexity to the procedural posture of this case. On June 16, 1987, Mr. Justice Lynch ordered that one of Moore's recent filings before the Supreme Judicial Court was to be construed as a notice of appeal from Mr. Justice Quirico's judgment of October 21, 1976. Mr. Justice Lynch ordered that the notice of appeal not be entered since the "time within which a notice of appeal may be filed has long since passed." Thus, when Moore filed his present petition on April 15, 1987, he still had not exhausted his state remedies, but the recent single justice order of June 16, 1987 has now foreclosed his opportunity to exhaust state remedies on the merits.

## II.

The unique circumstances presented in this case appear to be of first impression in

---

3. These sentiments were first expressed by Mr. Justice Quirico, sitting as a Single Justice of the Massachusetts Supreme Judicial Court for the County of Suffolk, after he had Moore brought in for a hearing before the court.

> Most of the documents prepared by the petitioner and offered for filing can be best described as representing the indiscriminate, irrelevant and confusing use of legal jargon in attempted simulation of legal pleadings, with generous sprinklings of numerous references and citations (many of no applicability) to the United States Constitution and various Federal court decisions, interspersed with quotations, frequently taken out of context, from those opinions or from legal texts, and also with numerous Latin legal maxims thrown in for no discernable reason. Doubtless if one were to comb through the 263 pages of documents which the petitioner has thus far offered for filing, it might be possible somewhere therein to find various isolated statements which, if pieced together, might be worthy of consideration on the issue whether they state a basic case for relief in the nature of a writ of error. However, that is an impossible burden which cannot properly be placed on a justice of this court. It is the duty of the petitioner to provide the court with pleadings containing allegations within reasonable limitations as to length and content of the pleadings.

> *Moore v. Commonwealth of Massachusetts,* No. J–74–44, slip op. at 3–4 (Mass. July 27, 1976) (Single Justice Order) (Judgment ordered on Oct. 21, 1976). The filings continue to this day to be replete with legal jargon and vague assertions.

**60**

this circuit. At least three United States Courts of Appeals, however, have already addressed habeas petitions presented in this posture. In the most recent case, *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905 (9th Cir.1986), the Ninth Circuit Court of Appeals held that a petitioner waived his constitutional claim by failing to appeal the denial of post-conviction relief to the Idaho Supreme Court. The court relied upon the cause and prejudice standard of *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977) and its progeny. In so doing, the court followed *Nutall v. Greer,* 764 F.2d 462 (7th Cir.1985) and *Clark v. Texas,* 788 F.2d 309 (5th Cir.1986). As in those cases, Moore has failed to point out any cause for his non-compliance with the state's procedural requirements. As noted by the Seventh Circuit Court of Appeals, defendants who fail to appeal to the highest state court, even if only due to inexcusable neglect, "bear the responsibility for their own default and do not present a compelling case for overriding the principle that a federal court should not intrude in a state's criminal process when the state's highest court has had no opportunity to rule on the constitutional issues presented." *Nutall,* 764 F.2d at 464. More troubling for this Court is the application of this standard to a pro se petitioner.

In *Hughes,* the Ninth Circuit, faced with a pro se petition, explicitly addressed the issue holding that the *Sykes'* standard should be applied to pro se petitioners. 800 F.2d at 908. In *Nutall,* the court also applied the standard, noting that, although represented at the earlier stages of trial by counsel, the petitioner was now proceeding pro se. This Court expresses no view as to the general propriety of such an application of the standard. Under the present circumstances, however, the Court rules that the standard is properly applied to Moore. Moore was apprised fully of the right to appeal the denial of relief in the courts of the Commonwealth as early as July, 1976,

in the order of Mr. Justice Quirico. He chose to ignore the state procedures for over a decade. His conduct is inexcusable and amounts to a forfeiture of his right to habeas relief. *Nutall,* 764 F.2d at 464.

### III.

The Court has an additional ground for dismissing this action. This action was permitted to go forward in forma pauperis. Pursuant to 28 U.S.C. § 1915(d) the Court is satisfied that the action is frivolous and, while possibly not malicious, certainly scandalous. *Cf. Welsh v. Steinmetz,* No. 84–1846, slip op. (D.N.M. Dec. 20, 1984) (barring frivolous, scandalous filings submitted by pro se litigant unless filings were signed by an attorney).[4] In accordance with this opinion, any papers filed by petitioner, Mr. Moore, without the aid and signature of counsel, shall be held but not docketed by the clerk's office. Twice yearly this Court will review the filings to determine if they present any new, non-frivolous, discernable legal claim. If so, they will at that time be docketed by the clerk and acted upon.

SO ORDERED.

---

**4.** It is unfortunate that no prior judge of this court was able to reach the merits of this petition because, had they been able to do so, the conduct of the petitioner appears to present a

case where the abusive writ statute, 28 U.S.C. § 2244(b), may apply. *See McLaughlin v. Gabriel,* 726 F.2d 7, 10 (1st Cir.1984).