United States Court of Appeals,

Fifth Circuit.

No. 95-10078.

Ronald P. REED, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

Dec. 18, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and HILL[*] and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Ronald P. Reed appeals the denial of his petition for the writ of habeas corpus. For the reasons assigned we reverse and remand.

BACKGROUND

In 1986 Ronald P. Reed was convicted in Texas state court of aggravated sexual assault and sentenced to life in prison. Reed's conviction was affirmed on direct appeal.[1] In affirming his conviction the court of appeals declined to reach the merits of his *Batson*[2] claim because Reed failed to provide a complete transcript of the voir dire examination.[3] The court of appeals based its

---

[*]Circuit Judge for the Eleventh Circuit, sitting by designation.

[1]*Reed v. State,* 751 S.W.2d 607 (Tex.App.—Dallas 1988, no pet.).

[2]*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

[3]*Reed.*

conclusion on the "well settled [rule] that complaints as to voir dire error cannot be reviewed in the absence of a transcription of the complete voir dire examination."[4] A complete transcription of the voir dire examination does not exist because Reed's counsel informed the trial court that he did not desire the court reporter to make such a record.[5] The questioning of some panel members, however, was recorded and there is a transcript of the *Batson* hearing.

Reed did not file a petition for discretionary review by the Court of Criminal Appeals but, rather, filed a state petition for the writ of habeas corpus in accordance with Tex.Code Crim.Proc.Ann. art. 11.07, alleging the *Batson* claim. The Court of Criminal Appeals denied the petition without written order. Having fully exhausted his state remedies, Reed filed the instant petition

---

[4]*Id.* at 610.

[5]Tex.Code Crim.Proc.Ann. art. 40.09, § 4 (West 1979) (repealed) states, in relevant part, "[a]t the request of either party the court reporter shall take short-hand notes of all trial proceedings, including voir dire examination...." This provision of the Texas Code of Criminal Procedure has been repealed and replaced, effective September 1, 1986, by Tex.R.App.Proc. 50. *Emery v. State,* 800 S.W.2d 530 (Tex.Cr.App.1990) (en banc). Nevertheless it applies to the defendant's obligation to request the court reporter to take short-hand notes of voir dire because the trial was completed before the effective date of Tex.R.App.Proc. 50. *Id.* However, Tex.R.App.Proc. 50(d), which states "[t]he burden is on the appellant ... to see that a sufficient record is presented to show error requiring reversal," applies to the filing of the statement of facts, which were filed on September 12, 1986, and the transcript, which was filed on October 20, 1986. *Id.* at 531 & n. 2 (internal quotations omitted) ("[A]ppellate procedures and steps completed or required to have been completed on or after September 1, 1986, shall be governed by the procedural requirements of the Texas Rules of Appellate Procedures in criminal cases, regardless of when notice of appeal was given.").

2

for the writ of habeas corpus advancing the *Batson* claim. The petition was referred to a magistrate judge who issued a report and recommendation concluding that the petition should be denied because Reed procedurally defaulted on the *Batson* claim. The district court adopted the report and recommendation and denied the petition. Reed filed a motion for CPC which we granted.

ANALYSIS

A federal court will not review a question of federal law decided by a state court if its decision rests on a state ground, either substantive or procedural, that is independent of the merits of the federal claim and is adequate to support the judgment.[6] A state ground is "independent" if the last reasoned state court opinion[7] clearly and expressly indicates that its judgment is independent of federal law.[8] A state procedural rule is adequate only if it was firmly established at the time it was applied.[9] Moreover, it must be "strictly or regularly followed by the cognizant state court ... [and] strictly or regularly applied *evenhandedly to the vast majority of similar claims.*"[10]

The issue presented in this case is whether the state procedural rule relied on by the court of appeals in *Reed* is

_____

[6]*Amos v. Scott,* 61 F.3d 333 (5th Cir.1995).

[7]*Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

[8]*Amos.*

[9]*Ford v. Georgia,* 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

[10]*Amos,* 61 F.3d at 339 (emphasis in original).

3

adequate.[11]  This is a question of law that we review *de novo.*[12]

Respondent maintains that Texas courts regularly refuse to reach alleged voir dire errors where the defendant fails to provide a complete voir dire transcript.  Respondent cites four Court of Criminal Appeals cases to support his position.[13]  In each of these cases, the Court of Criminal Appeals held that the appellant's argument concerning voir dire error must fail because he did not supply a complete transcript of voir dire.  A close examination of these cases, as well as *Payton v. State,*[14] reveals that Texas law precludes review of an alleged voir dire error if the defendant fails to provide a *sufficient record* from which the court may discern such error rather than absolutely precluding review of an alleged voir dire error absent a complete transcription of the voir

---

[11]The court of appeals in *Reed* clearly and expressly indicated that its judgment is independent of federal law.  *See Reed.*

[12]*Amos.*

[13]*See e.g., Burkett v. State,* 516 S.W.2d 147 (Tex.Crim.App.1974) (restriction of voir dire questioning unreviewable absent entire record of voir dire);  *Graves v. State,* 513 S.W.2d 57 (Tex.Crim.App.1974) (prosecutor's improper remarks unreviewable absent entire voir dire record);  *Magee v. State,* 504 S.W.2d 849 (Tex.Crim.App.1974) (court cannot determine whether a juror improperly concealed bias in absence of complete record of voir dire);  *Guerrero v. State,* 487 S.W.2d 729 (Tex.Crim.App.1972) (whether court erred by refusing to excuse members of venire for bias may not be determined without complete voir dire transcript).

[14]572 S.W.2d 677 (Tex.Crim.App.1978).  In *Payton,* the court stated "when the issue concerns denial of a challenge for cause or exclusion of a qualified venireman, only the examination of the individual venireman need be in the record."  *Id.* at 680. The court also distinguished *Burkett* and other cases which require a complete voir dire transcript to reach an alleged voir dire error.  *Id.*

4

dire examination.[15]

The cases relied upon by respondent do not control the resolution of this matter because we must focus on the application of the bar in the context of a *Batson* claim. This narrow focus is mandated by the claim specific nature of the procedural bar and our statement in *Amos* that in order to determine the adequacy of a procedural bar we must emphasize the application of the bar to the specific constitutional claim at issue.[16]

*Reed* is the first reported decision in which a Texas appellate court refused to reach a *Batson* claim because the defendant failed to provide a complete voir dire transcript. As such, the court of appeals' refusal to reach Reed's *Batson* claim due to his failure to provide a complete voir dire transcript "does not even remotely satisfy the requirement ... that an adequate and independent state procedural bar to the entertainment of constitutional claims must have been "firmly established and regularly followed' by the time"

---

[15]*See* Tex.R.App.Proc. 50(d) (appellant must provide a sufficient record from which to discern error); *see also* Tex.Code Crim.Proc.Ann. art 40.09 (West 1979) (repealed). Despite its broad statement concerning the "well settled rule" that a court may not reach a voir dire error without a complete voir dire transcript, the court in *Reed* implicitly recognized the claim specific nature of the procedural bar by reaching the merits of Reed's point of error concerning a challenge for cause despite the lack of a complete transcription of voir dire.

[16]*Amos. See also Andrews v. Deland,* 943 F.2d 1162, 1190 (10th Cir.1991) ("The test ... is whether the [state] courts' actual application of the procedural default rule to all similar claims has been evenhanded in the vast majority of cases."), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992); *Dugger v. Adams,* 489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989) (concluding that state court faithfully applied its procedural bar to vast majority of cases raising same type of constitutional claim).

it was applied.[17]  Moreover, the authority cited by the respondent indicating that *Reed*'s application of the procedural bar has been followed by other courts of appeal[18] is inapposite because the subsequent application of a bar does not support the conclusion that it was firmly established at the time *Reed* was decided.

The judgment appealed is REVERSED and the matter is REMANDED for further proceedings consistent herewith.

---

[17]*Ford,* 498 U.S. at 424, 111 S.Ct. at 857-58.

[18]Only one reported decision, *Guilder v. State,* 794 S.W.2d 765 (Tex.App.—Dallas 1990, no pet.), similarly refuses to reach a *Batson* claim in the absence of a complete voir dire transcript. Several unpublished opinions (which have no precedential value) have applied this bar.  *See e.g., Sturkie v. State,* 1995 WL 496619 (Tex.App.—Houston [1st Dist.] 1995, no pet.);  *Smith v. State,* 1995 WL 26805 (Tex.App.—Dallas 1995, pet. ref'd);  *Black v. State,* 1993 WL 95856 (Tex.App.—Dallas 1993, no pet.);  *Jones v. State,* 1992 WL 296934 (Tex.App.—Houston [14th Dist.] 1992, no pet.);  *Brown v. State,* 1992 WL 76538 (Tex.App.—Dallas 1992), *aff'd on other grounds,* 856 S.W.2d 177 (1993);  *Taylor v. State,* 1991 WL 284473 (Tex.App.—Dallas 1991, no pet.);  *Wyatt v. State,* 1991 WL 134602 (Tex.App.—Dallas 1991, no pet.).  Texas courts have not been universal in refusing to reach a *Batson* claim in the absence of a complete transcript.  In *Allen v. State,* 753 S.W.2d 792 (Tex.App.—Beaumont 1988, no pet.), a Texas appeals court decided the merits of the defendant's *Batson* claim after noting the lack of a complete transcript.  Similarly in *Gator v. State,* 1992 WL 33163 (Tex.App.—Dallas 1992, pet. ref'd), an unpublished case, a Texas appeals court decided the merits of the defendant's *Batson* claim despite the his failure to provide a complete transcript of voir dire.