# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10344

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2014

Lyle W. Cayce
Clerk

ANTHONY GLENN WALKER,

Petitioner–Appellant,

versus

WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:11-CV-1055

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Anthony Walker is a Texas state inmate who filed a federal habeas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10344

corpus petition to challenge his convictions of robbery and cocaine possession. He appeals an order finding his claim procedurally defaulted under *Ex parte Gardner*, 959 S.W.2d 189 (Tex. Crim. App. 1996). We reverse and remand.

I.

Walker was convicted by a jury of two counts of aggravated robbery and one count of possession of cocaine and was sentenced to thirty-five years for the robberies and two years for the drug offense. On direct appeal, he asserted that the trial court erred by denying his motion to suppress the victims' in-court and out-of-court identifications because the pretrial identification procedure was impermissibly suggestive in violation of his due-process rights. The Texas Court of Appeals rejected his argument, and the Texas Court of Criminal Appeals ("TCCA") denied his request to file an out-of-time petition for discretionary review. Walker then filed three state habeas petitions, one for each conviction. The TCCA found his identification claim "not cognizable because it could have been, but was not raised on direct appeal."

Walker next filed the instant federal habeas petition. In his report, the magistrate judge observed that, under *Gardner*, claims that could have been raised on direct appeal, but instead are raised for the first time on state habeas review, are procedurally barred. He added that the *Gardner* rule is an adequate and independent state ground capable of barring federal habeas review. He found that the rule applied to Walker's identification argument because Walked had failed to file a timely petition for discretionary review in the TCCA. The district court adopted the magistrate judge's findings and dismissed the petition. Walker appealed, and we granted a certificate of appealability ("COA") on the sole question of whether the *Gardner* rule is an adequate and independent state ground where a constitutional issue was raised on direct appeal but not in a petition for discretionary review.

2

No. 13-10344

II.

We review *de novo* the adequacy and independence of a state procedural rule. *Reed v. Scott*, 70 F.3d 844, 846 (5th Cir. 1995). A rule is adequate if it (1) "was firmly established at the time it was applied" and (2) is "strictly or regularly followed by the cognizant state court . . . [and] strictly or regularly applied evenhandedly to the vast majority of similar claims." *Id.* (alteration and omission in original) (emphasis omitted) (quoting *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)). A rule is independent "if the last reasoned state court opinion clearly and expressly indicates that its judgment is independent of federal law." *Id.* (footnote omitted). "We presume the adequacy and independence of a state procedural rule when the state court expressly relies on it in deciding not to review a claim for collateral relief," but the applicant can rebut this presumption by showing that the "rule is not 'strictly or regularly followed.'" *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)).

We have previously held that the *Gardner* rule is adequate and independent where a constitutional issue is not raised on direct appeal, *e.g.*, *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), but we have not considered a case in which the issue was raised on direct appeal but not in a petition for discretionary review. Walker urges that the *Gardner* rule is not adequate in the latter context, and the state concedes this point, noting that the district court made its *Gardner* determination *sua sponte*.

The state "acknowledges that the record before this Court does not support a finding that the TCCA's imposition of the *Gardner* bar in this specific context . . . was 'firmly established' at the moment it was applied here." Further, "solely for purposes of the present appeal," the state "is not prepared to argue that the TCCA's use of the *Gardner* bar in this specific circumstance was 'strictly or regularly followed' by that court, as of the time it was invoked." The

3

state concludes that "the Court could reasonably conclude—on this record—that the district court was incorrect in its procedural ruling regarding the *Gardner* bar."

The caselaw supports the parties' shared position that the *Gardner* rule was not adequate as of the date it was applied to Walker's state habeas petitions. In *Gardner*, the applicant had not raised his claim at all on direct review, and the court did not purport to announce a rule extending beyond that situation.[1] Later Texas cases applying the *Gardner* rule have addressed similar situations and have not mentioned discretionary review at all.[2] Moreover, in a pre-*Gardner* case addressing a different procedural issue, we noted the absence of "any Texas authority clearly establishing that . . . the claims made . . . in [a] federal habeas [petition] would be foreclosed from consideration on state habeas under [Texas Code of Criminal Procedure] article 11.07 merely because of the fact that he failed to timely seek discretionary direct review in the [TCCA]." *Bautista v. McCotter*, 793 F.2d 109, 111 n.2 (5th Cir. 1986).

Accordingly, where a constitutional issue was raised on direct appeal but not in a petition for discretionary review, the *Gardner* rule was not adequate as of the date it was applied to Walker's state habeas petitions, May 11, 2011. *See Ex Parte Walker*, No. WR-75,625-01, 2011 WL 1817625, at *1 (Tex. Crim. App. May 11, 2011) (per curiam). We reverse the order finding his claim procedurally defaulted.

---

[1] *See Gardner*, 959 S.W.2d at 191 ("*Under these circumstances*, we hold applicant waived any right he may have had to complain in this proceeding . . . ." (emphasis added)).

[2] *See, e.g.*, *Ex parte Nelson*, 137 S.W.3d 666, 667–68 (Tex. Crim. App. 2004); *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Ramos*, 977 S.W.2d 616, 617 (Tex. Crim. App. 1998).

No. 13-10344

## III.

The state asks us to deny Walker's claim instead of remanding. As the state notes, however, our appellate review is limited to the issues on which a COA has been granted. *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).[3] We granted a COA on the sole question of whether the *Gardner* rule is an adequate and independent state ground in cases where a constitutional issue was raised on direct appeal but not in a petition for discretionary review. Therefore, the appropriate course of action is to remand to allow the district court to decide the merits of Walker's claim.

REVERSED and REMANDED.

---

[3] The state cites two cases for the proposition that we can reach the merits despite the limited COA, but neither controls here. In *Pape v. Thaler*, 645 F.3d 281, 287 (5th Cir. 2011), the state appealed, so no COA was necessary. In *Amos v. Thornton*, 646 F.3d 199, 203 (5th Cir. 2011) (per curiam), we granted a COA on the issue of whether the applicant's "claim that he suffered a violation of his constitutional right to a speedy trial," not just on the procedural issue.